SEYFARTH SHAW LLP
Heliane Fabian (SBN 361563)
hfabian@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

*Counsel for Defendant*
*Equifax Information Services LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| BENJAMIN ANTHONY BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., CAPITAL ONE, N.A. f/k/a DISCOVER BANK,<br><br>Defendants. | Case No. 5:26-cv-01332-SSS-DTB<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax"), by and through its attorneys, hereby submits its Answer to Plaintiff's Complaint and Affirmative and Other Defenses, as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

326024067v.1

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et. seq. ("FCRA")

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**PARTIES**

**COMPLAINT ¶2:**

Plaintiff is a natural person residing in Ontario, California, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶3:**

Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency that maintains its principal place of business at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of California, including within this District. Equifax can be served through its registered agent,

2

326024067v.1

Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax further admits that it maintains its principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and that it may be served through its registered agent, Corporation Service Company. Equifax also admits that it is registered to do business in the State of California. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶4:**

Equifax regularly assembles and/or evaluates consumer information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶5:**

Defendant Experian Information Solutions, Inc. ("Experian") consumer reporting agency that maintains its principal place of business at 475 Anton Blvd Costa Mesa, CA 92626, and is authorized to do business in the State of California, including within this District. Experian can be served through its registered agent, C T Corporation System located at 330 North Brand Boulevard, Glendale, California 91203.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326024067v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Experian regularly assembles and/or evaluates consumer information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Defendant Capital One, N.A., Inc. f/k/a Discover Bank ("Discover") is a corporation with a principal place of business located at 1680 Capital One Drive, McLean, Virgina 22102, and is authorized to do business in the State of California, including within this District. Discover can be served through its registered agent, Corporation Service Company located at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶8:**

Discover Bank is a credit grantor and "furnisher" of consumer information, as that term is used in 15 U.S.C. § 1681s-2 and defined in 12 C.F.R. § 1022.41(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

326024067v.1

## JURISDICTION AND VENUE

**COMPLAINT ¶9:**

This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶10:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission. Equifax denies the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

### Defendants' Inaccurate Reporting

**COMPLAINT ¶11:**

Plaintiff held a credit card account with Discover ending in 4711, which was charged off and closed in or around September 2023.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

Due to financial hardship and inability to pay the debt, Plaintiff enrolled with National Debt Relief to negotiate a settlement of the account.

5

326024067v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

On or about September 19, 2023, Plaintiff received a copy of a letter that Discover sent to National Debt Relief confirming that Discover agreed to accept $2,281.68 as settlement of the account ending in 2124 (the "Settlement Agreement").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

Pursuant to the terms of the Settlement Agreement, Plaintiff was to make 21 monthly payments of $100.00 and one final payment of $181.68, upon receipt of which Discover agreed to consider the account settled for less than the full balance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

On or about November 25, 2025, Plaintiff received a letter from National Debt Relief detailing the payments and fees associated with the Discover account and confirming that the agreed-upon settlement was completed, with the final payment made on June 22, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

6

326024067v.1

**COMPLAINT ¶16:**

Therefore, as of June 22, 2025, the account should have been reported by Discover as paid/closed, settled for less than the full balance, with a $0 balance owed, and no past due amount.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

After receiving written confirmation from National Debt Relief that all required payments had been completed, Plaintiff wanted to confirm that the Discover account was being reported accurately on his consumer reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

On or about November 28, 2025, Plaintiff obtained copies of his consumer reports from Equifax and Experian (collectively the "CRA Defendants").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Upon review, Plaintiff discovered that the Equifax and Experian reports inaccurately reported the Discover account by reporting a status of "Account charged off" and a balance owed of $1,377.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326024067v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Despite having settled the debt, Defendants continued to report that Plaintiff owed an outstanding account balance on Plaintiff's Equifax and Experian consumer reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Further, Plaintiff's Equifax and Experian consumer reports misleadingly reflected that the account remained past due and in default, failing to reflect that the obligation had been settled, and the debt was no longer collectible.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Plaintiff Disputes the Inaccurate Reporting**

**COMPLAINT ¶22:**

On or about December 15, 2025, Plaintiff submitted written disputes to each of the CRA Defendants disputing the inaccurate reporting of the Discover account.

**ANSWER:**

Equifax admits that on December 22, 2025, it received a letter from Plaintiff concerning the Discover account. Equifax denies reporting inaccurate information.

**COMPLAINT ¶23:**

In his dispute letters Plaintiff stated that his Discover account had been settled and explained, "This account should be reported with a $0 balance and settled for less than the

8

full balance, and should be reported accurately in accordance with the settlement agreement."

**ANSWER:**

Equifax admits that on December 22, 2025, it received a letter from Plaintiff concerning the Discover account, the contents of which speak for themselves.

**COMPLAINT ¶24:**

Plaintiff enclosed supporting documentation with his dispute, including: the Settlement Agreement, which confirmed the $2,281.68 settlement; the November 25, 2025 letter from National Debt Relief, which detailed the payments for the Discover account and demonstrated that the debt was settled and legally uncollectible; and, sufficient proof of identification, including a copy of his driver's license.

**ANSWER:**

Equifax admits that on December 22, 2025, it received a letter from Plaintiff concerning the Discover account, the contents of which speak for themselves.

**COMPLAINT ¶25:**

Plaintiff requested that the Defendants correct the inaccurate tradeline and update the Discover account to reflect that no balance was due.

**ANSWER:**

Equifax admits that on December 22, 2025, it received a letter from Plaintiff concerning the Discover account, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

**Equifax's Unreasonable Reinvestigation**

**COMPLAINT ¶26:**

Upon information and belief, Equifax sent Discover an automated credit dispute verification ("ACDV") pursuant to Plaintiff's December 2025 Dispute to Equifax, asking Discover to investigate the accuracy of its reporting of Plaintiff's Discover account.

9

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

On or about December 26, 2026, Equifax issued a reinvestigation report in response to Plaintiff's dispute.

**ANSWER:**

Equifax admits that on December 26, 2026, it sent Plaintiff reinvestigation results.

**COMPLAINT ¶28:**

The December 26, 2026 Equifax reinvestigation report stated in relevant part, "We have researched the credit account Account # - *4711 The results are: The balance of this item has been updated. This creditor has verified to our company that the current status is being reported correctly."

**ANSWER:**

Equifax admits that on December 26, 2026, it sent Plaintiff reinvestigation results, the contents of which speak for themselves.

**COMPLAINT ¶29:**

However, the balance had not been updated and still showed "Balance Amount $1,377" and "Amount Past Due $1,377."

**ANSWER:**

Equifax admits that on December 26, 2026, it sent Plaintiff reinvestigation results, the contents of which speak for themselves.

**COMPLAINT ¶30:**

Further, the status "charge off", which should have been corrected to reflect that the Discover account was paid, closed, and settled for less than the full balance, was not corrected to reflect the accurate status.

326024067v.1

**ANSWER:**

Equifax admits that on December 26, 2026, it sent Plaintiff reinvestigation results, the contents of which speak for themselves. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶31:**

On or about January 29, 2026, Plaintiff obtained an updated consumer credit report from Equifax. Upon reviewing the updated report, Plaintiff discovered that Equifax and Discover had still failed to correct the disputed inaccuracy.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Upon information and belief, Equifax failed to adequately review all of the information provided by Plaintiff in support of Plaintiff's December 2025 dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶33:**

Upon information and belief, Equifax failed to conduct a reasonable reinvestigation of Plaintiff's December 2025 dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶34:**

Thereafter, Equifax failed to correct or delete the erroneous outstanding balance, past due amount, and status associated with Plaintiff's Discover account reported in Plaintiff's Equifax file and consumer reports.

11

326024067v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶35:**

If Equifax had conducted a reasonable reinvestigation of Plaintiff's dispute, which would include reviewing all the information Plaintiff provided with his dispute, Equifax would have easily determined that what was being reported on the Discover tradeline was inaccurate, false, and misleading.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶36:**

Equifax failed to conduct a reasonable reinvestigation of Plaintiff's December 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Experian's Unreasonable Reinvestigation**

**COMPLAINT ¶37:**

Upon information and belief, Experian sent Discover an automated credit dispute verification ("ACDV") pursuant to Plaintiff's December 2025 Dispute to Experian, asking Discover to investigate the accuracy of its reporting of Plaintiff's Discover account

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

On or about December 31, 2025, Experian issued a reinvestigation report in response to Plaintiff's dispute.

12

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

The December 31, 2026 Experian reinvestigation report stated in relevant part, "Outcome: Verified and Updated."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

The Experian reinvestigation report failed to correct the balance and still showed "Recent Balance $1,377 as of Dec 2025" and "$1,377 past due as of Dec. 2025."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

Further, the status "charged off", which should have been corrected to reflect that the Discover account was paid, closed, and settled for less than the full balance, was not corrected to reflect the accurate status.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

On or about January 29, 2026, Plaintiff obtained an updated consumer credit report from Experian. Upon reviewing the updated report, Plaintiff discovered that Experian and Discover had still failed to correct the disputed inaccuracy.

13

326024067v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

Upon information and belief, Experian failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's December 2025 dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

Upon information and belief, Experian failed to conduct a reasonable reinvestigation of Plaintiff's December 2025 dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

Thereafter, Experian failed to correct or delete the erroneous outstanding balance, past due amount, and status associated with Plaintiff's Discover account reported in Plaintiff's Experian credit file and consumer reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

If Experian had conducted a reasonable reinvestigation of Plaintiff's dispute, which would include reviewing all the information Plaintiff provided with his dispute, Experian would have easily determined that what was being reported on the Discover tradeline was inaccurate, false, and misleading.

14

326024067v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

Experian failed to conduct a reasonable reinvestigation of Plaintiff's December 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Discover's Unreasonable Investigation**

**COMPLAINT ¶48:**

Upon information and belief, in or around or December 2025, Discover received ACDVs from the CRA Defendants regarding Plaintiff's December 2025 disputes of the inaccurate reporting.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

Upon information and belief, Discover failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

15

326024067v.1

**COMPLAINT ¶50:**

Upon information and belief, Discover failed to review all relevant information provided by the CRA Defendants regarding Plaintiff's disputes, including, but not limited to, the Settlement Agreement and the November 25, 2025 letter from National Debt Relief

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

Upon information and belief, Discover verified the disputed information as accurate to Equifax and Experian in response to Plaintiff's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶52:**

If Discover had conducted a reasonable investigation of Plaintiff's disputes, which would include' reviewing all the information Plaintiff provided with his disputes, Discover would have easily determined that what was being reported on the Discover tradeline was inaccurate, false, and misleading.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶53:**

Discover violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

16

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## DAMAGES

**COMPLAINT ¶54:**

At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**

Equifax admits that it conducts business through its employees and others.  Equifax denies the remaining allegations in this paragraph.

### Actual Damages

**COMPLAINT ¶57:***[sic]*

As a result of Defendants' conduct, action, and inaction, Plaintiff suffered actual damages including but not limited to, damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting and emotional distress including hopelessness, humiliation, frustration, anxiety and embarrassment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶58:**

Moreover, around February 4, 2026, Plaintiff was denied a Venture X credit card issued by Capital One due to Defendants' inaccurate reporting. Plaintiff, the sole provider for his household, needed additional credit to help cover living expenses and financially

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326024067v.1

support his family. Plaintiff was unable to obtain credit when needed and was forced to pay cash for essential expenses, further limiting his financial flexibility

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶59:**

Additionally, Plaintiff suffers with anxiety, which can be debilitating at times, and takes medication to keep it in under control. Defendants' erroneous reporting, failure to reinvestigate Plaintiff's disputes, and the consequential credit denials served to increase and otherwise exacerbate Plaintiff's anxiety.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Statutory and Punitive Damages**

**COMPLAINT ¶60:**

At all times pertinent hereto, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶61:**

At the time Defendants reported the information at issue in this matter, each Defendant had actual notice that the information it was reporting regarding Plaintiff and the Discover tradeline was inaccurate, false, and misleading.

**ANSWER:**

Equifax denies the allegations in this paragraph.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326024067v.1

**COMPLAINT ¶62:**

For example, Plaintiff included corroborating documents with his disputes, including the Settlement Agreement, which was more than sufficient to establish that the disputed information was being reported inaccurately.

**ANSWER:**

Equifax admits that it received a letter from Plaintiff concerning the Discover account, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶63:**

Each Defendant had more than enough information to correct its inaccurate, false, and misleading reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶64:**

Despite that, Defendants continued to report the inaccurate, false, and misleading information regarding Plaintiff and the Discover tradeline.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶65:**

Each Defendant failed to correct its inaccurate, false, and misleading reporting, and in fact continued to report inaccurate, false, and misleading information regarding Plaintiff, as described herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶66:**

Accordingly, Defendants' conduct was willful.

19

326024067v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶67:**

As a result of Defendants' willful actions and omissions, Plaintiff is eligible to recover actual damages or statutory damages of up to $1,000, punitive damages, costs of this action, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**

**15 U.S.C. § 1681e(b)**

**Equifax Information Services, LLC, and Experian Information Solutions, Inc.**

**COMPLAINT ¶68:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶69:**

Pursuant to 15 U.S.C. § 1681e(b), each CRA Defendant is required to follow reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports about Plaintiff.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

20

326024067v.1

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶70:**

Despite this requirement, on at least one occasion, each CRA Defendant prepared inaccurate, false, and misleading consumer reports concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶71:**

Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure "maximum possible accuracy" when it prepared consumer reports concerning Plaintiff that contained inaccurate, false, and misleading information in the Discover tradeline.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶72:**

Each CRA Defendant sold or otherwise published such false reports to one or more third parties, damaging Plaintiff's reputation and creditworthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶73:**

As a result of each CRA Defendant's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶74:**

As a result of each CRA Defendants' willful noncompliance with 15 I U.S.C. § 1681e(b), Plaintiff is entitled to recover actual damages or statutory damages of not less

21

326024067v.1

than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶75:**

Alternatively, each CRA Defendant was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶76:**

Plaintiff is entitled to recover attorney's fees and costs of this action from each CRA Defendant pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT II**

**15 U.S.C. § 1681i**

**Equifax Information Services, LLC, and Experian Information Solutions, Inc.**

**COMPLAINT ¶77:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

22

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326024067v.1

**COMPLAINT ¶78:**

Pursuant to 15 U.S.C. § 1681i, each CRA Defendant had a duty to notify Discover of Plaintiff's dispute within five business days of receiving the dispute, to forward the supporting documents submitted with Plaintiff's dispute, to conduct a reasonable reinvestigation of the disputed Discover account information, and to correct the disputed information or delete it from Plaintiff's consumer file.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶79:**

Each CRA Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and breached its duties as described herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶80:**

If each CRA Defendant had conducted a reasonable reinvestigation of Plaintiff's dispute, each CRA Defendant would have easily detected that the disputed Discover account information in Plaintiff's consumer file was inaccurate, and the information would have been deleted from Plaintiff's consumer file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶81:**

Due to each CRA Defendant's failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the disputed Discover account information in Plaintiff's consumer files was not corrected or deleted.

326024067v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶82:**

As a result of each CRA Defendant's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶83:**

As a result of each CRA Defendants' willful noncompliance with 15 U.S.C. § 1681i, Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶84:**

Alternatively, each CRA Defendant was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §. 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶85:**

Plaintiff is entitled to recover attorney's fees and costs of this action froth each CRA Defendant pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

24

326024067v.1

## COUNT III

## 15 U.S.C. § 1681s-2(b)

### Capital One, N.A., Inc. f/k/a Discover Bank

**COMPLAINT ¶86:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶87:**

Pursuant to 15 U.S.C. § 1681s-2(b), upon receipt of notice of Plaintiff's dispute from the CRA Defendants, Discover was required to conduct an investigation, review all relevant information provided by the CRA Defendants, report the results of the investigation to the CRA Defendants, and, if the information was found to be incomplete or inaccurate, promptly modify, delete, or permanently block the reporting of that information.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶88:**

Discover failed to modify, delete, or permanently block the disputed information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

25

326024067v.1

**COMPLAINT ¶89:**

Defendant Discover violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes, by failing to review all relevant information regarding the same, by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the CRA Defendants, and by failing to cease furnishing inaccurate information relating to Plaintiff to the CRA Defendants.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

As a result of Discover's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶91:**

As a result of Discover's willful noncompliance with 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 168 ln(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

Alternatively, Discover was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

26

326024067v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

Plaintiff is entitled to recover attorney's fees and costs of this action from Discover pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## TRIAL BY JURY

**COMPLAINT ¶94:**

Plaintiff is entitled to and hereby requests a trial by jury.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

27

326024067v.1

## DEFENSES

Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against Equifax.  Equifax is neither incorporated nor headquartered in California, and the conduct giving rise to Plaintiff's claims against Equifax occurred outside of California and was not targeted at California.  Equifax is not a consumer reporting agency, did not and does not maintain a credit file on Plaintiff, and did not take any action regarding Plaintiff's credit file.

## SECOND DEFENSE

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action;

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED: May 29, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  _/s/ Heliane Fabian_
Heliane Fabian
*Counsel for Defendant*
*Equifax Information Services LLC*

326024067v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heliane Fabian*
Heliane Fabian
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

326024067v.1