**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
MARGARET C. PRUITT (SBN 298613)
mpruitt@dollamir.com
515 S. Flower Street, Suite 1812
Los Angeles, California 90071
Tel:  213.542.3380
Fax: 213.542.3381

Attorneys for Defendant,
CAPITAL ONE, N.A., SUCCESSOR BY
MERGER TO DISCOVER BANK, Erroneously
Sued as "Capital One, N.A. f/k/a Discover Bank"

DOLL AMIR & ELEY LLP

# UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BENJAMIN ANTHONY BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., CAPITAL ONE, N.A. f/k/a DISCOVER BANK,<br><br>Defendants. | Case No. 5:26-cv-01332-SSS-DTB<br><br>*Assigned to Judge Sunshine Suzanne Sykes; Referred to Magistrate Judge David T. Bristow*<br><br>**DEFENDANT CAPITAL ONE, N.A.'S, SUCCESSOR BY MERGER TO DISCOVER BANK, ANSWER TO COMPLAINT AND JURY DEMAND**<br><br>Complaint Served:      04/17/2026 |

DEFENDANT'S ANSWER TO COMPLAINT

Defendant Capital One, N.A., as successor-by-merger to Discover Bank, erroneously sued as "Capital One, N.A. f/k/a Discover Bank" ("Capital One") for its Answer to Plaintiff's Complaint and Demand For Jury Trial ("Complaint") **(Doc. 1)** [1], alleges and states as follows:

## INTRODUCTION

1.     Answering paragraph 1, Capital One admits only Plaintiff, Benjamin Anthony Barnett ("Plaintiff"), alleges to bring this action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Capital One denies that it engaged in actionable conduct.

## PARTIES

2.     Answering paragraph 2, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

3.     Answering paragraph 3, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

4.     Answering paragraph 4, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

5.     Answering paragraph 5, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

6.     Answering paragraph 6, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

DOLL AMIR & ELEY LLP

---

[1]     Capital One restates herein the headings contained in the Complaint for convenience only.  Capital One does not concede the accuracy of any heading and denies any and all liability as to claims alleged against it in this Action.

DEFENDANT'S ANSWER TO COMPLAINT

7.    Answering paragraph 7, Capital One admits that it is a national bank, its headquarters are located in McLean, Virginia, and it is authorized to do business in the State of California.  Capital One further admits that it is the successor-by-merger to Discover Bank. With respect to the remaining allegations, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

8.    Answering paragraph 8, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## JURISDICTION AND VENUE

9.    Answering paragraph 9, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

10.    Answering paragraph 10, Plaintiff sets forth a legal conclusion to which no admission or denial is required.

## FACTUAL ALLEGATIONS

### Defendants' Inaccurate Reporting

11.    Answering paragraph 11, Capital One admits a Discover credit card account in Plaintiff's name, with account number ending in -4711 (the "Account"), charged off and was closed on or about September of 2023.

12.    Answering paragraph 12, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that

3

DOLL AMIR & ELEY LLP

basis denies, generally and specifically, each and every averment contained therein.

13. Answering paragraph 13, Capital One admits on or about September 2023, the Account was enrolled in a settlement plan whereby $2,281.68 was accepted as a settlement of the Account, which had a then current outstanding balance of $3,259.44. The terms of the settlement plan provided for twenty-one (21) monthly payments of $100.00 and one (1) payment of $181.68. With respect to any remaining allegations, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

14. Answering paragraph 14, Capital One admits on or about September 2023, the Account was enrolled in a settlement plan whereby $2,281.68 was accepted as a settlement of the Account, which then had a current outstanding balance of $3,259.44. The terms of the settlement plan provided for twenty-one (21) monthly payments of $100.00 and one (1) payment of $181.68. Capital One admits, the terms of the settlement plan also provided that upon receipt of the final payment, the Account would be considered settled for less than the full balance. With respect to any remaining allegations, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

15. Answering paragraph 15, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

16. Answering paragraph 16, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

17. Answering paragraph 17, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

DOLL AMIR & ELEY LLP

4

18.     Answering paragraph 18, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

19.     Answering paragraph 19, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

20.     Answering paragraph 20, Capital One currently does not have knowledge or information sufficient to form a belief as to the truth of these allegations, including but not limited to because Capital One's investigation of Plaintiff's claim is on-going, and on that basis denies, generally and specifically, each and every averment contained therein.

21.     Answering paragraph 21, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## Plaintiff Disputes the Inaccurate Reporting

22.     Answering paragraph 22, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

23.     Answering paragraph 23, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

24.     Answering paragraph 24, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

25.     Answering paragraph 25, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

DOLL AMIR & ELEY LLP

DEFENDANT'S ANSWER TO COMPLAINT

DOLL AMIR & ELEY LLP

## Equifax's Unreasonable Reinvestigation

26. Answering paragraph 26, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations, including but not limited to because Capital One's investigation of Plaintiff's claims is on-going, and on that basis denies, generally and specifically, each and every averment contained therein.

27. Answering paragraph 27, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

28. Answering paragraph 28, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

29. Answering paragraph 29, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

30. Answering paragraph 30, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

31. Answering paragraph 31, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

32. Answering paragraph 32, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

33. Answering paragraph 33, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

34. Answering paragraph 34, Capital One does not have knowledge or

DEFENDANT'S ANSWER TO COMPLAINT

information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

35. Answering paragraph 35, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

36. Answering paragraph 36, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

**Experian's Unreasonable Investigation**

37. Answering paragraph 37, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations, including but not limited to because Capital One's investigation of Plaintiff's claims is on-going, and on that basis denies, generally and specifically, each and every averment contained therein.

38. Answering paragraph 38, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

39. Answering paragraph 39, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

40. Answering paragraph 40, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

41. Answering paragraph 41, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

42. Answering paragraph 42, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that

DOLL AMIR & ELEY LLP

DEFENDANT'S ANSWER TO COMPLAINT

basis denies, generally and specifically, each and every averment contained therein.

43.    Answering paragraph 43, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

44.    Answering paragraph 44, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

45.    Answering paragraph 45, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

46.    Answering paragraph 46, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

47.    Answering paragraph 47, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

**Discover's Unreasonable Investigation**

48.    Answering paragraph 48, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

49.    Answering paragraph 49, Capital One denies, generally and specifically, each and every averment contained therein.

50.    Answering paragraph 50, Capital One denies, generally and specifically, each and every averment contained therein.

51.    Answering paragraph 51, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations, including but not limited to because Capital One's investigation of Plaintiff's claims is on-going, and on that basis denies, generally and specifically, each and every averment contained

DEFENDANT'S ANSWER TO COMPLAINT

DOLL AMIR & ELEY LLP

therein.

52.   Answering paragraph 52, Capital One denies that it engaged in any actionable conduct.  With respect to the remaining allegations, Capital One does not have knowledge or information sufficient to form a belief as to the truth of these allegations, including but not limited to because Plaintiff asserts a legal conclusion and Capital One's investigation of Plaintiff's claims is on-going, and on that basis denies, generally and specifically, each and every averment contained therein.

53.   Answering paragraph 53, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## DAMAGES

54.   Answering paragraph 54, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

### Actual Damages

57.   [2]Answering paragraph 57, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

58.   Answering paragraph 58, One lacks knowledge or information sufficient to form a belief as to the truth of these allegations, including but not limited to because Capital One's investigation of Plaintiff's claims is on-going, and on that basis denies,

---

[2] The Complaint omits paragraphs numbered 55 and 56.

9

DOLL AMIR & ELEY LLP

generally and specifically, each and every averment contained therein.

59.    Answering paragraph 59, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## Statutory and Punitive Damages

60.    Answering paragraph 60, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

61.    Answering paragraph 61, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

62.    Answering paragraph 62, Capital One denies that it engaged in actionable conduct.  Further, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

63.    Answering paragraph 63, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

64.    Answering paragraph 64, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One

DOLL AMIR & ELEY LLP

10

denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

65.     Answering paragraph 65, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

66.     Answering paragraph 66, as to Capital One, Capital One denies, generally and specifically, each and every averment contained therein.  With respect to any allegations directed at other named defendants, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

67.     Answering paragraph 67, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and denies, generally and specifically, each and every averment contained therein. With respect to any allegations directed at other named defendants, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
**Equifax Information Services, LLC and Experian Information Solutions, Inc.**

68.     Answering paragraph 68, Capital One hereby incorporates by reference all of the preceding paragraphs.

69.     Answering paragraph 69, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these

DOLL AMIR & ELEY LLP

11

allegations and on that basis denies, generally and specifically, each and every averment contained therein.

70.   Answering paragraph 70, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

71.   Answering paragraph 71, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

72.   Answering paragraph 72, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

73.   Answering paragraph 73, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

74.   Answering paragraph 74, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

75.   Answering paragraph 75, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

76.   Answering paragraph 76, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## COUNT II
### 15 U.S.C. § 1681i
**Equifax Information Services, LLC and Experian Information Solutions, Inc.**

77.   Answering paragraph 77, Capital One hereby incorporates by reference all of the preceding paragraphs.

78.   Answering paragraph 78, Plaintiff sets forth a legal conclusion to which

Doll Amir & Eley LLP

12

no admission or denial is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

79.    Answering paragraph 79, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

80.    Answering paragraph 80, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

81.    Answering paragraph 81, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

82.    Answering paragraph 82, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

83.    Answering paragraph 83, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

84.    Answering paragraph 84, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

85.    Answering paragraph 85, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

**COUNT III**
**15 U.S.C. § 1681s-2(b)**
**Capital One, N.A., Inc. f/k/a Discover Bank**

86.    Answering paragraph 86, Capital One hereby incorporates by reference all

of the preceding paragraphs.

87.    Answering paragraph 87, Plaintiff sets forth a legal conclusion to which no admission or denial is required.  To the extent a response is required, Capital One denies that it engaged in actionable conduct and lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

88.    Answering paragraph 88, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations, including but not limited to because the allegations are vague and ambiguous and Capital One's investigation of Plaintiff's claims is on-going, and on that basis denies, generally and specifically, each and every averment contained therein.

89.    Answering paragraph 89, Capital One denies, generally and specifically, each and every averment contained therein.

90.    Answering paragraph 90, Capital One denies, generally and specifically, each and every averment contained therein.

91.    Answering paragraph 91, Capital One denies, generally and specifically, each and every averment contained therein.

92.    Answering paragraph 92, Capital One denies, generally and specifically, each and every averment contained therein.

93.    Answering paragraph 93, Capital One denies, generally and specifically, each and every averment contained therein.

## TRIAL BY JURY

94.    Answering paragraph 94, Capital One admits only that Plaintiff requests a trial by jury. With respect to any remaining allegations, Capital One lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## PRAYER FOR RELIEF

Answering the unnumbered paragraph that follows the caption "Prayer for

14

DEFENDANT'S ANSWER TO COMPLAINT

Relief," Capital One admits that Plaintiff prays for judgment in his favor, but Capital One denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint and without assuming any burden of proof or burden not required by law, Capital One alleges the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff failed to mitigate his damages, if any.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims are barred, in whole or in part, because Capital One cannot be held liable for any purported damages allegedly suffered by Plaintiff to the extent that such damages resulted from intervening causes and/or the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third persons over whom Capital One had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

4.     Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Capital One.

## FIFTH AFFIRMATIVE DEFENSE

5.     Capital One acted at all times in compliance with the FCRA and is entitled to each and every defense stated in the statutes and any and all limitations of liability.

## SIXTH AFFIRMATIVE DEFENSE

6.     Capital One acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

DOLL AMIR & ELEY LLP

15

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff is estopped from recovering from Capital One.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's Complaint seeks punitive damages.  Capital One adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

## TENTH AFFIRMATIVE DEFENSE

10.     Capital One pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claim that Capital One committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a result of this litigation, Capital One was required to retain the undersigned counsel, to whom they are obligated to pay a reasonable fee, for which Capital One is entitled to recovery pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b). *Allen v. Experian Info. Sols., Inc.*, 2026 LX 96025, at *13 (D. Idaho Jan. 4, 2026) ("Sections 1681n(c) and 1681o(b) permit a prevailing defendant to recover attorney fees upon a finding that the plaintiff's action was brought in bad faith or for purposes of harassment").

16

DEFENDANT'S ANSWER TO COMPLAINT

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    Capital One acted in good faith and any violation by Capital One of the statutes alleged in the Complaint was not intentional and resulted (if at all) from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.    Capital One is informed and believes, and on that basis alleges that it has complied with all applicable state and federal laws, statutes and regulations and, therefore, cannot be held liable for any alleged damages suffered by Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    Plaintiff is not entitled to attorneys' fees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.    The alleged actions of Capital One were not accompanied by actual malice, intent or ill will.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.    Plaintiff lacks standing to assert the claims alleged in this action against Capital One because Plaintiff did not suffer a concrete injury.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    Plaintiff is barred from obtaining any recovery on the allegations in the Complaint by the doctrine of unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    Capital One alleges that at all times alleged in the Complaint, it maintained reasonable procedures in order to prevent any type of intentional violations of the FCRA.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    Capital One reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

/ / /

DOLL AMIR & ELEY LLP

17

WHEREFORE, Capital One prays for judgment against Plaintiff as follows:

a.   That the Complaint be dismissed with prejudice in its entirety;

b.   That Plaintiff takes nothing by reason of his Complaint;

c.   That judgment be entered in favor of Capital One;

d.   For recovery of Capital One's costs of suit, including its attorneys' fees to the extent recoverable by contract or law; and

e.   For such other and further relief as the Court deems just.

DATED:  June 5, 2026                                **DOLL AMIR & ELEY LLP**


By: _/s/ Margaret C. Pruitt_____
    HUNTER R. ELEY
    MARGARET C. PRUITT
Attorneys for Defendant,
CAPITAL ONE, N.A., successor by
merger to Discover Bank

18

DEFENDANT'S ANSWER TO COMPLAINT